IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00238-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PENIEL OLIBRIS,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Peniel Olibris, personally and by counsel, Austin Nelson, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty**

The defendant agrees to:

(1)    plead guilty to Count 2 of the Indictment charging Smuggling Goods from the United States, in violation of 18 U.S.C. § 554; and

(2)    waive certain appellate and collateral attack rights, as explained in detail below.

(3)    not contest forfeiture, as more fully described below.


COURT EXHIBIT 1

**B. Government's Obligations**

This agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(B). The government agrees to

(1) move to dismiss Count 1 of the Indictment with prejudice. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

(2) recommend a sentence of not more than 16 months' imprisonment. The government further agrees not to bring any charges against the defendant based on information currently known to the United States Attorney's Office for the District of Colorado. The parties understand that this agreement is not binding on the Court.

(3) provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government further agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and agrees to file a motion requesting that the defendant receive a further one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

**C. Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this,

and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 554;

(2) the sentence exceeds the top end of the advisory Guidelines range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the Court) at a total offense level of 23; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the Sentencing Guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guidelines range upon a revocation of supervised release in this case number,

3

except where the defendant unsuccessfully objects to the grade of violation applied by the Court during the district court revocation proceedings. In that event, the waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the Guidelines range calculated by the Court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3583(c)(1)(A) where such denial rests in any part upon the Court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary or compelling circumstances as part of its § 3553(a) analysis.

1. The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 22 U.S.C. § 401, and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, as well as any arms, munitions, or other articles, intended to be, being, or have been exported or removed in violation of such offense, and any vessel, vehicle, or aircraft conveyances which has been or is being used in exporting or attempting to export such arms, munitions, or other articles. This includes but is not limited to: (1) Glock 9mm pistol, serial number BHBG917, (2) Keltec 9mm pistol,

serial number S1333, and (3) Smith and Wesson 9mm pistol, serial number HUX9897. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*: The defendant knowingly exported or sent from the United States merchandise, an article, or an object contrary to any law or regulation of the United States or bought, sold, or in any manner facilitated the transportation, concealment, or sale of merchandise, an article, or an object, knowing the same to be intended for exportation;

*Second*: The exportation was contrary to the law or regulation of the United States as charged in the Indictment; and

*Third*: The defendant knew the exportation was contrary to any law or regulation of the United States.

## III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of 18 U.S.C. § 554 is not more than 10 years' imprisonment; not more than a $250,000 fine, or both; not more than 3 years' supervised release; and a $100 mandatory victim's fund assessment fee.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory Guidelines range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and which are relevant to the Court's Guidelines computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

The defendant, Peniel Olibris, came to the attention of law enforcement in October 2019 when a store manager at Westminster Firearms in Arvada, Colorado, reported a suspicious customer. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) began investigating Mr. Olibris' other recent firearm purchases, and learned that he had recently purchased a number of pistols from Green Mountain Guns, Firing Line, and Reloading Zone. ~~ATF agents also determined that, after Mr. Olibris' background check was delayed at Reloading~~ [see] one, he went in to purchase firearms with an associate,

*ACB*  *JKM*

6

Faniola Charles.  In total, between February 2019 and June 2020, Mr. Olibris and Ms. Charles purchased 77 firearms.

Law enforcement agents spoke with Mr. Olibris in July 2020, at which time he admitted to shipping "a few" firearms to Haiti, where he is from and where some of his family members still live.  He explained that he placed the firearms in boxes inside of cars, and had the drivers take the cars from Colorado to Florida.  In Florida, one of Mr. Olibris' associates coordinated with the shipping company—which Mr. Olibris identified as "Accordia"—to send the cars containing firearms to Haiti.  Mr. Olibris explained that he was trying to obtain a federal firearms license that would enable him to sell firearms, but had not yet done so.

According to documentation from Accordia Shipping LLC, located in Fort Lauderdale, Florida, Mr. Olibris shipped thirteen cars to Haiti between September 30, 2019, and May 29, 2020.  The terms and conditions for each shipment required Mr. Olibris to affirm that the vehicles did not contain firearms, which are "prohibited by law."

Law enforcement agents subsequently determined that the following firearms were purchased by Mr. Olibris in Colorado, and later registered in Haiti:

1. Glock 9mm pistol, serial number BHBG917: purchased by Mr. Olibris on April 8, 2019, at Firing Line in Aurora, Colorado, and registered in Haiti on July 5, 2019.  The purchaser of this firearm, Evens Dorsainvil, confirmed that Mr. Olibris facilitated the sale of this firearm, and that he (Mr. Dorsainvil) received the firearm from Mr. Olibris' brother.

2. Keltec 9mm pistol, serial number S1333: purchased by Mr. Olibris on October 19, 2019, at Green Mountain Guns in Lakewood, Colorado, registered in Haiti on

December 10, 2019. The purchaser of this firearm, Mr. Dorsainvil, confirmed that Mr. Olibris facilitated the sale of this firearm, and that he (Mr. Dorsainvil) received the firearm from Mr. Olibris' brother. Documentation received from Accordia Shipping LLC shows that Mr. Olibris sent one vehicle to Haiti on December 4, 2019.

3. Smith and Wesson 9mm pistol, serial number HUX9897: purchased by Mr. Olibris on October 19, 2019, and registered in Haiti on May 8, 2020. Documentation from Accordia Shipping LLC shows that Mr. Olibris shipped one car to Haiti on December 4, 2019, and three cars to Haiti on February 26, 2020.

Until March 8, 2020, the Arms Export Control Act, 22 U.S.C. § 2778, and the International Traffic in Arms Regulations, 22 C.F.R. pt. 120–130, required a license for the exportation of defense articles, which then included "nonautomatic and semi-automatic firearms to caliber .50 inclusive." The three firearms described above are semi-automatic firearms. The U.S. State Department, Office of Defense Trade Controls Compliance conducted a check of registration and license history for Mr. Olibris, and confirmed that, as of December 29, 2020, Mr. Olibris had not applied for, or obtained, the necessary license to export defense articles. Mr. Olibris knowingly exported those firearms, knowing that the exportation was contrary to United States law and regulation.

The parties stipulate that part of the above-described conduct occurred in the District of Colorado.

## VI.   ADVISORY GUIDELINES COMPUTATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range

computed by the Court under advisory Guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory Guidelines range called for by the United States Sentencing Guidelines (U.S.S.G.). To the extent that the parties disagree about the Guideline computations, the recitation below identifies the matters which are in dispute.

The Guidelines calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct Guidelines range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

A. The applicable Guideline is U.S.S.G. § 2M5.2, which provides that the base offense level is 26 because the defendant exported more than two non-fully automatic weapons.

B. There are no applicable specific offense characteristics or other enhancements.

C. The defendant should receive a 3-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b).

D. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it appears that the defendant's criminal history category would be I.

  E.  The career offender/criminal livelihood/armed career criminal adjustments do not apply.

  F.  The advisory Guidelines range resulting from these calculations is 46–57 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 46 months (bottom of category I for total offense level 23) to 115 months (top of category VI for total offense level 23). The Guidelines range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

  G.  Pursuant to U.S.S.G. § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

  H.  Pursuant to U.S.S.G. § 5D1.2, if the Court imposes a term of supervised release, that term shall not be less than 1 year and not more than 3 years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory Guidelines range, or above the advisory Guidelines range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 9/19/22

Peniel Olibris
Defendant

Date: 9/19/22

~~David Lindsey~~ Ian McDavid
Attorney for the Defendant

Date: 9/19/22

Albert Buchman
Assistant United States Attorney